IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 06-40023-01-RDR**

ADAM LOY KENNEDY,

        Defendant.

**MEMORANDUM AND ORDER**

On February 9, 2007 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea of guilty to one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846, 28 counts of money laundering with intent to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and 7 counts of money laundering that involved proceeds of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The factual basis for these convictions showed that from on or about September 17, 2001 to on or about August 4, 2004, the defendant engaged in a conspiracy to distribute marijuana and to launder the proceeds of that drug activity.

Following the preparation of the presentence report, the defendant filed several objections. The government also subsequently filed a motion to reduce sentence pursuant to U.S.S.G. § 5K1.1. The government sought a reduction of the defendant's

sentence to 60 months for substantial assistance. Prior to sentencing, the defendant withdrew one of his objections directed at his prior criminal history. With this background, the court provides the following rulings on the defendant's objections.

*Quantity of Drugs*

The defendant objects to the quantity of drugs attributed to him in the presentence report. The defendant asserts that the amount of total drugs is less than 100 kilograms of marijuana. The government and the probation office believe that the amount contained in the presentence report, 147.21 kilograms, is a conservative estimate of the marijuana attributable to defendant.

The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. United States v. Ryan, 236 F.3d 1268, 1273 (10th Cir. 2001). "When the actual drugs underlying a drug quantity determination are not seized, the trial court may rely upon an estimate to establish the defendant's guideline offense level so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005) (internal quotations omitted). "However, the 'need to estimate drug quantities at times is not a license to calculate drug quantities by guesswork.'" Id. "When choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of

caution." <u>United States v. Richards</u>, 27 F.3d 465, 469 (10th Cir. 1994) (internal quotations and alterations omitted).

The court has carefully considered the method employed by the probation office in calculating the amount of drugs attributable to the defendant. The probation office reached the amount by adding up the money transfers along with the weight of the packages that were sent in an attempt to determine the total amount of money involved. The probation office then divided this amount by $900, the amount that the defendant received per pound of marijuana. This produced an amount of 146.64 kilograms or 321.09 pounds of marijuana. The probation office then added the amounts that were seized from Bret Osbourne and the defendant. This produced a final amount of 147.21 kilograms of marijuana.

The court finds that this is a fair and reasonable calculation of the amount attributable to the defendant. In reaching this amount, the court notes the probation office failed to include five wire transfers where the weight of the packages was unknown. In addition, the total comported with the statement given by Casey O'Leary, who indicated that the defendant had provided him with between 300 (136.07 kilograms) and 500 pounds of marijuana. In sum, the court believes the probation office arrived at a conservative figure. This objection shall be denied.

*Information Provide by Others*

The defendant contends that the information provided by the other individuals is false. The government and the probation

3

office believe that the statements offered by the other individuals involved are accurate.

The court is not persuaded that the statements offered by these individuals are false. The statements appear to corroborate each other, and the statements made by O'Leary on the drug amounts involved were corroborated by the calculations made by the probation office. The court knows of no reason why these statements should not be considered.

*Enhancement Under U.S.S.G. § 2S1.1*

The defendant objects to paragraph no. 64 where two points are added for a violation of 18 U.S.C. § 1956. The government and the probation office believe that the enhancement has been properly applied.

The court agrees with the government and the probation office. The probation office has correctly applied U.S.S.G. §§ 2S1.1 and 1B1.1 to the circumstances of this case. Accordingly, this objection shall be denied.

*Enhancement as Organizer and Leader*

The defendant contends that his offense level should not be enhanced as an organizer or leader under U.S.S.G. § 3B1.1(a). The government and the probation officer believe that the enhancement is appropriate.

Section 3B1.1(a) specifically provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive,

4

increase [offense level] by 4 levels." In applying this enhancement, "[t]he government does not have to prove that defendant controlled five or more participants. Instead, it must prove that five persons participated in the criminal venture, and that Defendant exercised leadership control over at least one person ." United States v. Cruz Camacho, 137 F.3d 1220, 1224 (10th Cir. 1998) (footnote omitted).

> In distinguishing a leadership or organizational role from one of mere management or supervision [for which a defendant should instead receive only a three-level enhancement under U.S.S.G. § 3B1.1(b) ],. . .[f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or an organizer of a criminal association or conspiracy.

U.S.S.G. § 3B1.1, application note 4. This four-level "enhancement is appropriate if the defendant was either a leader or an organizer." United States v. Tagore, 158 F.3d 1124, 1131 (10th Cir. 1998). "The gravamen of the enhancement is either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime." United States v. Spears, 197 F.3d 465, 469 (10th Cir. 1999) (quotation omitted).

The record clearly demonstrates that five or more individuals were involved in this criminal endeavor. Moreover, it is abundantly clear that the defendant organized the conspiracy. There is little question that this objection must be denied.

5

*Commission of Offense While on Probation*

The defendant objects to paragraph no. 78, where two criminal history points were added for committing the instant offense while on probation.  He suggests that he was placed on probation during the conspiracy so he should not be given two additional criminal history points.  The government and the probation office disagree.

We must again agree with the probation office and the government.  The record before the court clearly shows that the defendant was committing the instant offenses while he was on probation from state court.  Thus, pursuant to U.S.S.G. § 4A1.1(d), two points must be added to his criminal history score.

With these decisions, the defendant's criminal history category is II and his offense level is 29.  These determinations produce a guideline range of 97 to 121 months.  The court granted the government's motion to reduce sentence and imposed a sentence of 60 months imprisonment.

**IT IS SO ORDERED.**  Dated this 13th day of February, 2007 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge